MAURICE & NEEDLEMAN

Attorneys at Law
Suite 2007
5 Walter E. Foran Blvd.
Flemington, NJ 08822
tel. 908.237.4550
fax 908.237.4551

www.mnlawpc.com

Donald S. Maurice
Member NJ, NY & DC Bars
Board Certified
Creditors' Rights Law
American Board of Certification

Joann Needleman
Member PA & NJ Bars

Thomas R. Dominczyk
Member NJ, NY & PA Bars

Rachel Marin
Member NY & NJ Bars

Shannon P. Miller
Member PA Bar

Pennsylvania Office
MAURICE & NEEDLEMAN, P.C.
Suite 935, One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
tel. 215.665.1133
fax 215.563.8970

November 1, 2012

**SENT VIA ECF**
Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *EDWARD PINKESZ on behalf of himself and all other similarly situated consumers v. PORTFOLIO RECOVERY ASSOCIATES, LLC*
Case No. 12-cv-02508-SLT-JO
Our File Nos. 16203

2012 NOV -2 AM 9:45
U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK
FILED CLERK

Dear Judge Townes:

This firm represents Portfolio Recovery Associates, LLC (hereinafter "PRA"), Defendant in the above referenced matter. Pursuant to your Honor's Individual Rules and Procedures, I am writing to your Honor prior to filing a motion to dismiss Plaintiff's complaint against PRA. The motion will be based on Fed. R. Civ. P. 12(b)(6) as set forth below.

Plaintiff has filed a putative class action alleging PRA has violated 15 U.S.C. §§ 1692, *et seq*., the Fair Debt Collection Practices Act, the "FDCPA" and Section 349 of the General Business Law (the "GBL"). The crux of Plaintiff's complaint is the PRA violated the Act and GBL when it collected debt in New York although it had failed to publish a notice that it was registered to as a foreign limited liability company. Plaintiff also alleges that PRA called the Plaintiff and left "many messages" in which it failed to identify itself as a debt collector. PRA does not believe Plaintiff has stated a claim under the FDCPA or the GBL and requests permission to move to dismiss the Complaint pursuant to Rule 12(b)(6). The standard for a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) was set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), where the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). Although the plaintiff is to be afforded every reasonable inference of fact, the plaintiff must establish that it is legally entitled to the relief requested in its Complaint. As Twombly suggests, "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people' . . . . [So,] when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. at 557-58

November 1, 2012
P a g e | **2**
12-cv-02508-SLT-JO

(citations omitted). A complaint that contains no more than legal conclusions is not entitled to an assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Likewise, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Here, Plaintiffs have failed to allege any facts, which would entitle them to any relief under any of the named statutes against PRA and have provided no more than "labels and conclusions to support their claims. These "largely groundless claims" are not entitled to an assumption of truth and should be dismissed.

A starting point for any analysis of an FDCPA claim is whether the underlying debt is a "debt" within the meaning of § 1692a(5). See, e.g., Shmerkocvich v. RMC Consulting Grp. LLC, No. 09-CV-5490, 2011 U.S. Dist. LEXIS 30615, 2011 WL 887871, at *4 (E.D.N.Y. Jan. 31, 2011), adopted by 2011 U.S. Dist. LEXIS 25528, 2011 WL 900850 (E.D.N.Y. Mar. 14, 2011). Plaintiff fails to allege any facts that the debt here was incurred, primarily, for personal, family, or household purposes as required by 15 U.S.C. § 1692a(5). Additionally, Plaintiff fails to allege that the transaction was related to "money, property, insurance or services." Id. Rather, Plaintiff simply alleges that PRA attempted to collect a "consumer debt." Complaint, ¶¶3, 9. Thus, if Plaintiff cannot allege a set of facts to satisfy this threshold question, neither the Court nor PRA should be required to waste their resources.

PRA is presently in compliance with the publication requirement set out in N.Y. LLC Law § 802 and thus Plaintiffs have no claim based on § 802. See Empire Equities Capital Corp., 2010 Bankr. LEXIS 1552, at **10-11 (Bankr. S.D.N.Y. May 6, 2010). However, although that fact is outside the pleading, a failure to publish does not limit PRA's right to collect the debt under § 802(b)(I), which states that a failure to publish "shall not limit or impair . . . any right or remedy of any other party under or by virtue of any contract . . . ." N.Y. LLC. LAW § 802(b)(i).

The determination of whether PRA was authorized to do business is uniquely within the scope of the Department of State's competence and authority, and cannot be challenged by a litigant seeking personal advantage in a private, civil lawsuit. Under New York law, a private right of action will be implied only if all three of the following are established:

(1) the plaintiff is a member of the class for whose benefit the statute was enacted;
(2) the recognition of such right promotes the legislative purpose which undergirds the statute; and
(3) the creation of such right is consistent with the legislative scheme for the statute.

Rhodes v. Herz, 84 A.D.3d 1, 9, 920 N.Y.S.2d 11, 17 (App. Div. 2011).

Plaintiff fails to establish all three elements. First, it is impossible to conceive of any way that Plaintiff might have been impacted, favorably or unfavorably, by any affidavit that PRA may or may not have published some 10 years earlier, when PRA obtained authority to do business in New York in 1999. Thus Plaintiff was not the class of persons for whose benefit

November 1, 2012
P a g e | **3**
12-cv-02508-SLT-JO

the statute was enacted. Second, the purpose of the bill was to "attract businesses to New York State." Memorandum of State Executive Department, 1994 Legislative Annual Chapter 576, at 2773; attached hereto as "Exhibit A"; McKinneys N.Y. Session Laws 2764-2774, p. 406; attached hereto as "Exhibit B". The third prong does not fall in PRA's favor, however there is no private right of action because Plaintiff fails to satisfy the first two prongs.

Even assuming, *arguendo*, that PRA was not duly licensed to do business in New York, that fact would not give plaintiff a viable FDCPA claim. PRA's voice mail messages were not a threat to sue Plaintiff and were not a violation of the FDCPA. See Wade v. Regional Credit Association, 87 F. 3d 1098 (9th Cir. 1996) (dismissing the § 1692e(5) claim because the language of the collection letter, sent by collector not licensed within the state, was "informational" and not threatening).

There is a substantial body of law that holds that the failure to obtain a debt collection license, is not a *per se* violation of the FDCPA. See Wade v. Regional Credit Assoc., 87 F.3d 1098, 1100 (9th Cir. 1998) ("We disagree with [Plaintiff] that debt collection practices in violation of state law are per se violations of the FDCPA."); Nero v. Law Office of Sam Streeter, P.L.L.C., 655 F. Supp. 2d 200, 209 (E.D.N.Y. 2009) ("There is insufficient legal support for a categorical holding that debt collection efforts initiated in New York City by unlicensed debt collectors violate § 1692e(5) or § 1692e(10) of the FDCPA.").

Plaintiff has not stated a claim under GBL § 349. To state a claim under GBL § 349, Plaintiff must allege sufficient facts demonstrating that PRA engaged 1) in consumer oriented conduct; 2) that is materially deceptive; and 3) the conduct caused Plaintiff's injury. Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 647 N.E.2d 741 (1995). Plaintiff fails to satisfy any of these elements. Finally, Plaintiff's claims fall squarely within GBL § 601(8), for which there is no private right of action. Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 2001).

For all of the foregoing reasons, Plaintiff has failed to state any claims against PRA that will survive a motion to dismiss. Accordingly, PRA requests permission to file a motion to dismiss.

Thank you for your consideration.

MAURICE & NEEDLEMAN, P.C.
**/s/ Rachel Marin**
Rachel Marin
For the firm
RM/pc

cc: Hashim Rahman, Esq. (via U.S. Mail)
    Client (via email)

THE LEGISLATURE
Ch. 576

# LIMITED LIABILITY COMPANIES

*Text of Law, see Ch. 576*

### Memorandum of State Executive Department

## Purpose:

To provide for the formation of limited liability companies
("LLCs") under New York law; the recognition of foreign LLCs
seeking to do business in New York; the registration of general
partnerships that provide professional services as registered
limited liability partnerships ("RLLPs") under State law; and the
recognition of the limited liability status of general
partnerships that provide professional services that have
registered as limited liability partnerships ("LLPs") in other
states.

## Summary of Provisions:

### A.   General Overview

The bill is based on existing New York law and practice,
borrowing heavily from existing New York Partnership Law,
especially the recently enacted New York Revised Limited
Liability Partnership Act which became effective July 1, 1991
("RLPA"), and where applicable, the Business Corporation Law
("BCL").

The bill provides for the treatment of LLCs and RLLPs under
the Tax Law and under the personal income taxes of the cities of
New York and Yonkers.  In this memorandum limited liability
companies will be referred to as LLCs, Subchapter K limited
liability companies will be referred to as KLLCs and Subchapter C
limited liability companies will be referred to as CLLCs.
Subchapter K and C limited liability companies are those treated
for federal tax purposes as partnerships and corporations,
respectively, under subchapters K and C of the Internal Revenue
Code.  RLLPs are general partnerships composed of professionals
which register under Article 8-B of the Partnership Law in order
to obtain a level of limited liability protection comparable to
that available to professional corporations.

The bill neutralizes a portion of the expected revenue loss
from reduced corporate franchise taxes by imposing annual filing
fees to be paid upon the filing of partnership returns by KLLCs
and RLLPs.  (CLLCs would, of course, be subject to the corporate
franchise tax, in conformity with federal treatment, and would
not be subject to the filing fee).

Throughout the remainder of the Tax Law, the bill makes
clarifying amendments designed to set forth explicitly the
treatment of LLCs as partnerships for such purposes as
responsibility as a sales tax vendor, for withholding tax
responsibilities as an employer, and similar issues.

**2764**

### B.   Limited Liab

Section 1 of
Limited Liability
be formed to carr
prohibited by ano
other information
(analogous to the
partnership or th
which are require

The bill prov
LLC (i) upon the o
organization, in
with the operating
vote of the member
agreement makes ne

The bill allo
management of a li
managers.  If the
provision, each me
to be a manager.
in good faith and
by an ordinarily p
corporation's by-l
a provision elimin
managers to the LI
duty in any capaci
those contained in

Members of an
shares of current
operating agreemen
organization to pr
such relative righ
agreement.

The bill sets
members, managers
provided in the RP

Consistent wi
in the form of cas
obligation to cont
Profits, losses an
the members as pro
with the RLPA, if
allocation, profit
the basis of the v

Many of the di
proposed law are ad
the RLPA.  Thus, an
the latest date for
organizations, (ii)
operating agreement
such other portion
interest of the mem
judicial dissolutio
bankruptcy, death,

B.    Limited Liability Company Law

Section 1 of the bill sets forth the proposed New York
Limited Liability Company Law.  The bill provides that an LLC may
be formed to carry on any business or purpose except one that is
prohibited by another statute.  The name of the LLC and certain
other information must be set forth in articles of organization
(analogous to the partnership certificate of a limited
partnership or the certificate of incorporation of a corporation)
which are required to be filed with the Secretary of State.

The bill provides that a person may become a member of an
LLC (i) upon the effective date of the initial articles of
organization, in the case of initial members, (ii) in accordance
with the operating agreement or (iii) upon receiving a majority
vote of the members entitled to vote thereon if the operating
agreement makes no provision for the admission of new members.

The bill allows the articles of organization to vest the
management of a limited liability company in one or more
managers.  If the articles of organization make no such
provision, each member of a limited liability company is deemed
to be a manager.  Managers are required to perform their duties
in good faith and with the degree of care that would be exercised
by an ordinarily prudent person in a like position.  Like a
corporation's by-laws, an LLC's operating agreement may set forth
a provision eliminating or limiting the personal liability of
managers to the LLC or its members for damages for any breach of
duty in any capacity subject to certain exceptions similar to
those contained in section 402(b) of the BCL.

Members of an LLC vote in proportion of their respective
shares of current profits, unless otherwise provided in the LLC's
operating agreement.  The bill would permit articles of
organization to provide for classes or groups of managers having
such relative rights and powers as provided in the operating
agreement.

The bill sets forth rules permitting an LLC to indemnify
members, managers and other persons in a manner analogous to that
provided in the RPLA.

Consistent with RPLA, member contributions to an LLC may be
in the form of cash, property or services rendered or an
obligation to contribute cash or property or to render services.
Profits, losses and distributions of an LLC are allocated among
the members as provided in the operating agreement.  Consistent
with the RLPA, if the operating agreement does not provide an
allocation, profits, losses and distributions are allocated on
the basis of the value of the respective members' contributions.

Many of the dissolution and winding-up provisions of the
proposed law are adapted, with minor modifications, directly from
the RLPA.  Thus, an LLC is dissolved upon (i) the occurrence of
the latest date for dissolution set forth in the articles of
organizations, (ii) the happening of events specified in the
operating agreement, (iii) the written consent of a majority (or
such other portion designated in the operating agreement) in
interest of the members, or (iv) the entry of a decree of
judicial dissolution.  In addition, an LLC is dissolved upon the
bankruptcy, death, dissolution, expulsion, incapacity or

**2765**

## THE LEGISLATURE
### Ch. 576

withdrawal of any member (or any such member or members specified in the operating agreement) unless within 180 days after such event the LLC is continued by either:  (A) the written consent or vote of a majority in interest of all the remaining members or such other percentage in interest as shall be set forth in the operating agreement or; (B) pursuant to a right to continue stated in the operating agreement.

Distribution following the winding-up of a limited liability company is governed by provisions adapted from the RLPA respecting distribution of assets upon the winding-up a limited partnership.

The bill requires foreign limited liability companies to apply for authority to do business in New York according to the terms and conditions set forth in the proposed law.  These provisions are based closely upon provisions of RLPA.

The bill provides that to the extent not expressly prohibited by law, a domestic LLC may merge or consolidate with or into one or more other domestic LLCs or other domestic or foreign business entities.  The procedures for mergers and consolidations set forth in the proposed law are adapted from the RLPA.

The bill provides for the formation of LLCs by professionals, including doctors, accountants, engineers, architects, attorneys, pharmacists, veterinarians and optometrists.  The articles dealing with professionals are adapted with certain minor modifications from the comparable provisions found in the BCL and incorporate and carry over the standards of liability contained therein.

While the IRS has not, of course, ruled that an LLC formed pursuant to the proposed law would be classified as a partnership for federal income tax purposes, it is anticipated that such an LLC would be so classified if the LLC is structured in a manner consistent with the law's "default" provisions.

The bill makes conforming amendments to the Partnership Law and the Business Corporation law.

The bill authorizes the registration of general partnerships that provide professional services as registered limited liability partnerships ("RLLPs") under New York law and recognizes the limited liability status of general partnerships that provide professional services that have registered as limited liability partnerships ("LLPs") in other states.

While the assets of the partnership will still be available to an injured party, the bill provides that a partner in a partnership which has registered as a RLLP is not personally liable for debts, obligations or liabilities of the partnership other than those arising out of any negligent or wrongful act or misconduct committed by such partner or by a person under the direct supervision and control of such partner while rendering professional services.  Such standard of liability is the same as that accorded to shareholders of a professional corporation organized under the BCL.  It would also be the same as that accorded to members of a professional LLC under the bill.  Such standard of liability is different from the legislation enacted

in other states to date in that it not only deals with negligent or wrongful acts or misconduct, but also limits liabilities for contractual and other debts and obligations.  Liability for a wrongful distribution to a partner may arise under federal or State fraudulent transfer laws or similar provisions. Accordingly, a court that considers whether a distribution is wrongful and should be returned should take into account the fact that the distribution to a partner might actually constitute compensation (salary or bonus) for services rendered and should not be subject to return.

While other states have permitted general partnerships engaged in businesses other than the conduct of a profession to register as LLPs (and one state (Texas) has permitted limited partnerships to so register), the bill restricts the availability of LLPs to professionals practicing in general partnership form. The definition of "profession" is that used in the New York Business Corporation Law and includes accountants, architect, attorneys, chiropractors, dental hygienists, dentists, optometrists, professional engineers, land surveyors, licensed masseurs and masseuses, pharmacists, physiotherapists, podiatrists, registered nurses, certified psychologists, social workers, certified shorthand reporters, physicians and veterinarians.  The bill provides that partners of a RLLP (just like members of a professional service LLC) may include individuals (authorized to practice a profession) or other professional entities such as professional corporations, professional service LLCs or other RLLPs.  Like the comparable provisions contained in the BCL, the bill provides that professional services may only be rendered through individuals authorized by law to render such professional services. Accordingly, where there are partners (or members) who are not individuals, the professional services would be rendered on behalf of the RLLP (or professional service LLC) indirectly by individuals through the professional entities in which such individuals are partners, shareholders or members.

The bill provides that a general partnership that renders professional services may register as a RLLP by filing on a one-time basis a registration with the Secretary of State, accompanied by an entity-level filing fee.  A RLLP would also be required to file a statement with the Secretary of State biennially (similar to the filing made by a professional corporation).

A foreign general partnership providing professional services that has registered as an LLP in another jurisdiction and wishes to conduct business in New York as an LLP would be required to file a one-time notice with the Secretary of State. The notice must be accompanied by an entity-level filing fee and a copy of the latest registration filed by it in its home state for purposes of registering as an LLP or a certificate issued by its home state substantially to the effect that the general partnership has filed a registration as an LLP, which is effective on the date of the certificate.  A foreign general partnership that provides professional services that files a notice in New York would be required to file a statement with the Secretary of State biennially (similar to the filing made by a foreign professional corporation).  Foreign LLPs which fail to so file and which conduct business in New York, like foreign limited partnerships and corporations, would be restricted from

# THE LEGISLATURE
## Ch. 576

maintaining an action, suit or proceeding in New York. A foreign limited partnership and a foreign non-professional general partnership (other than certain foreign limited liability partnerships related to a professional limited liability partnership) which is denominated as an LLP in its home state would not be recognized as an LLP in New York, but would be recognized as a limited partnership and a general partnership, respectively.

The name of a RLLP or foreign LLP conducting business or activities in New York must contain the words "Registered Limited Liability Partnership" or the abbreviation "L.L.P." or "LLP".

The bill also contains a series of conforming changes to the New York Partnership Law to give full effect to the limitation of liability intended by the LLP.

The IRS has issued at least one private letter ruling with respect to an LLP. In that ruling, a Texas general partnership that proposed to register as an LLP under the Texas Uniform Partnership Act was found to lack the corporate characteristics of centralization of management and free transferability of interests and would therefore continue to be classified as a partnership for federal income tax purposes. It is anticipated that a New York LLP would be accorded the same federal income tax treatment.

## C. Partnership and Corporation Law Provisions

Sections 2 through 18 of the bill amend the Partnership Law, the Business Corporation Law and the Arts and Cultural Affairs Law to provide for the registration of RLLPs and to make necessary conforming changes relating to LLCs and LLPs.

## D. Tax Law Provisions

### 1. Article 9

Sections 21 through 25, 27 and 28 of the bill amend various taxing provisions in Article 9 so as to clarify that CLLCs are included within the meaning of the term "corporation" for purposes of Article 9. Sections 183.1(a), 183-a.1, 184.1, 184-a.1, 186.1, 186-b.1 and 189.1(c) of the Tax Law are so amended. Section 26 of the bill amends section 186-a.2-a of the Tax Law to clarify that the treatment therein of revenue from interstate and foreign transmission service is applicable to all taxpayers, including LLCs, subject to tax under section 186-a.

Section 29 of the bill amends section 191 of the Tax Law, relating to the taxation of receivers and other fiduciaries who conduct the business of an Article 9 taxpayer, so as to render the same clearly applicable to the business of a CLLC.

Section 30 of the bill amends section 194 of the Tax Law, relating to certifications on tax reports, so as to render the same clearly applicable to CLLCs.

Section 31 of the bill amends section 204 of the Tax Law, applicable to reports relating to corporations made by the Secretary of State to the Commissioner of Taxation and Finance,

**2768**

so as to require reports as to the formation of LLCs and the authorization of foreign LLCs.

## 2.  Article 9-A

Section 32 of the bill amends section 208.1 of the Tax Law to make clear that CLLCs are included within the meaning of the term "corporation."

## 3.  Article 22 and City Personal Income Taxes

Section 40 of the bill amends section 601(f) of the Tax Law to provide that for purposes of Article 22 of the Tax Law (Personal Income Tax), the term "partnership" is deemed also to refer to KLLCs.  In addition, definitions are provided for the terms "LLC" and "KLLC".

Sections 53 and 66 of the bill similarly amend section 1302(b) of the Tax Law (Article 30) and section 11-1701(c) of the Administrative Code of the City of New York, relating to the New York City resident income tax.  Sections 54 and 69 of the bill similarly amend section 1322(b) of the Tax Law (Article 30-A) and section 92-83(b) of the Codes and Ordinances of the City of Yonkers, relating to the City of Yonkers resident income tax.  Sections 55, 70, 65, and 68 of the bill similarly amend section 1340(c)(1) of the Tax Law (Article 30-B) and section 92-98(j) of the Codes and Ordinances of the City of Yonkers (relating to the Yonkers Earnings Tax on Nonresidents), and section 25-m(1) of Article 2-E of the General City Law and section 11-1901(n) of the Administrative Code of the City of New York (relating to the New York City Nonresident Earnings Tax).

Section 41 of the bill amends the section heading of section 658(c) and section 42 of the bill adds new paragraph 658(c)(3) to impose an annual filing fee on KLLCs and RLLPs having income derived from New York sources.  Such LLCs and RLLPs are subject under current law to the partnership filing requirement of section 658(c)(1) of the Tax Law, and the fee is required at the same time (generally, April 15) as such filing.  The fee is equal to the product of $50 and the number of members of such company or partnership as of the last day of the taxable year, but not less than $325 annually.

The fee requirement of section 42, that the LLC have income from New York sources, contemplates that the entity or RLLP have income within the meaning of section 631 of the Tax Law, which section comprehends items of income, gain, loss or deduction determined for Federal purposes.  Since at the Federal level the entity would not be required to file a return absent any such items, it is contemplated that the fee would apply only if a Federal partnership return (Form 1065) is required to be filed and then only if any such items of income, etc. have a New York source.  This general rule does not, however, excuse from the fee an LLC which is not required to file a federal partnership return by reason of making the election under IRC Reg. section 1.761-2(a)(3) (relating to companies engaged in the production, extraction or use of property, where the income of the company is reported directly by the members).

2769

On the other hand, the fee prerequisite established in section 42 of the bill, that the entity have income, would exclude from the fee those entities without income or expenses, typically entities in start-up or dormant status. Further, the fee prerequisite of income from New York sources would exclude from the fee those entities having contacts with New York other than New York source income. Such contacts include the mere formation of the LLC under New York law (domestic LLCs) and the existence of resident members of the LLC. Finally, the fee prerequisite of New York source income would exclude from the fee those entities engaged solely in activity deemed under present law to be not business activity, such as investment activity which is confined to purchase and sale for the entities' own accounts. (Tax Law section 631(d).)

Section 43 of the bill amends section 685(n) of the Tax Law to include LLCs and managers thereof within the meaning of the term "person." Section 67 of the bill makes the same amendment to section 11-1785(n) of the Administrative Code of the City of New York.

### 4. Miscellaneous Provisions

Section 19 of the bill amends section 2 of the Tax Law to provide, in new subdivisions 5 and 6, that the term "limited liability company" in the Tax Law means a domestic or foreign LLC as defined in the Limited Liability Company Law, and the terms "partnership" and "partner" in the Tax Law will be deemed to include references to LLCs and members thereof, respectively.

Section 20 of the bill amends section 5.1(b) of the Tax Law, relating to the obtaining and furnishing of taxpayer identification, to include LLCs within the meaning of the term "person."

In various provisions throughout the Tax Law clarifying amendments are made to include in the term "person" a reference to LLCs and, similarly, to provide that references to officers and directors of corporations will apply to individuals with analogous responsibilities in the case of LLCs. Thus, sections 33 through 37 and 39 of the bill so amend the term "person" in sections 282.8 (Article 12-A, Tax on Gasoline and Similar Motor Fuel), 420.1 (Article 18, Taxes on Alcoholic Beverages), 447.9 (Article 18-A, Tax on Beverage Containers), 451.3 (Tax on Boxing and Wrestling Exhibitions), 470.3 (Article 20, Tax on Cigarettes and Tobacco Products), and 501.1 (Article 21, Highway Use Tax) of the Tax Law, respectively. Section 38 of the bill amends section 480.6(a) of the Tax Law (Article 20, Tax on Cigarettes and Tobacco Products) with reference to officers and directors.

Sections 44 and 45 of the bill amend sections 951-a(b) and 1021(d) to include LLCs within the meaning of the term "person," for purposes of the Estate Tax imposed under Article 26 and the Generation-Skipping Transfer Tax under Article 26-B.

Section 46 of the bill amends section 1080(b)(2) of the Tax Law to render Article 27 of the Tax Law (Corporate Tax Procedure and Administration) applicable to CLLCs.

Section 47 of the bill amends section 1085(j) of the Tax Law, contained in Article 27, to include LLCs within the meaning

**2770**

of the term "person."  This provision relates to penalties for
certain failures to act resulting from fraudulent intent, and to
the penalty for aiding or assisting in the giving of fraudulent
returns, reports, statements or other documents.

Sections 48 and 49 of the bill amend sections 1101(a) and
1131(1) of the Tax Law, contained in Article 28 of the Tax Law
(Sales and Compensating Use Taxes), to render explicitly
applicable to LLCs the terms "person," "persons required to
collect tax" and "person required to collect any tax imposed by
this article."

Section 50 of the bill amends section 1134(a)(4)(B) of the
Tax Law (Article 28) to adapt sales tax certificate of authority
provisions to LLCs.

Section 51 of the bill amends section 1145(e) of the Tax Law
(Article 28) to adapt to LLCs a penalty provision relating to the
failure to prepay sales tax on motor fuel and diesel motor fuel
pursuant to section 1102 of the Tax Law.

Section 52 of the bill amends section 1201(g)(1) and (2) of
the Tax Law (Article 29) to adapt to LLCs provisions relating to
the New York City tax on motor vehicle registrations.

Sections 56, 57 and 58 amend section 1401(a) of the Tax Law
(Article 31, Real Estate Transfer Tax), section 1424.1 of the Tax
Law (Article 31-A, Tax on Real Property Transfers for
Transportation Assistance) and section 1440.8 of the Tax Law
(Article 31-B, Tax on Gains Derived from Certain Real Property
Transfers), respectively, to include LLCs within the meaning of
the term "person."

Section 59 of the bill amends section 1447-a.2 of the Tax
Law (Article 31-B) to adapt certain requirements under the gains
tax to LLCs.

Section 60 of the bill amends section 1550(a) of the Tax Law
(Article 33-A, Tax on Independently Procured Insurance) to
include LLCs within the meaning of the term "person."  Section 61
of the bill amends section 1554(b) of the Tax Law to adapt the
return requirements under such article to LLCs.

Section 62 of the bill amends section 1605(b) of the Tax Law
(Article 34, New York State Lottery for Education) to include
LLCs within the meaning of the term "person."

Section 63 of the bill amends section 1800(a) and (b) of the
Tax Law (Article 37, Crimes and Other Offenses, Seizures and
Forfeitures), to include LLCs within the meaning of the term
"person."

Section 64 of the bill amends section 3002(b) of the Tax
Law, relating to the Taxpayers' Bill of Rights, to include LLCs
within the definition of the term "taxpayer."

Section 71 of the bill is an unconsolidated law provision
designed to explain that a number of amendments which integrate
the term "limited liability company" into the definitions of the
terms "person," "partnership" and "association" are merely

2771

THE LEGISLATURE
Ch. 576

clarifying and are not to be construed to change the
interpretation that LLCs were in fact included within the meaning
of such terms prior to enactment of this bill.

Section 72 of the bill contains the effective date
provisions.  The bill is generally effective on the ninetieth day
after enactment.  Section 42 of the bill, which imposes an annual
fee on KLLCs, applies to taxable years beginning on or after such
ninetieth day.  Section 63 of the bill, which relates to the
criminal provisions of the Tax Law, takes effect September 1,
1994.

Existing Law:

    Limited liability companies represent a new form of business
enterprise.  First appearing in Wyoming in 1977, legislation
providing for the creation of such entities has since then either
been enacted or is pending in a large number of states.  The bill
would enact a new Chapter 34 of the Consolidated Laws of New
York, entitled the New York Limited Liability Company Law.  An
LLC created under such law would be organized very much like a
partnership, and would typically be treated as a partnership for
Federal tax purposes.  That is, the entity would itself pay no
Federal income tax, while each member would report on a separate
return his, her or its distributive share of income, gain, loss,
deduction and credit of the LLC.  (If an LLC were to fail to meet
the Federal tests for partnership status, the entity would be
treated for Federal purposes as a C corporation (CLLC), as
opposed to enjoying the more typical partnership treatment
(KLLC).)  Unlike partnerships, however, the LLC offers one major
non-tax benefit which will make it a very desirable form of
business organization.  This is the protection of members from
liability for the debts and other obligations of the LLC.

    By way of contrast, the Federal tax treatment of
corporations is such that the corporate entity itself is subject
to tax on its income and the shareholders of the corporation are
likewise subject to tax on the same income when it is paid over
in the form of dividends.  Yet a third model of federal taxation
applies to S corporations, which are small (35 or fewer
individual shareholders) state-law corporations treated generally
as partnerships for Federal purposes, i.e., the S corporation
itself is not subject to tax but the income is taxed to the
shareholders.

    The State tax treatment of partnerships and C corporations
(corporations other than S corporations) is the same as the
Federal treatment.  The State taxation of S corporations, on the
other hand, is a hybrid approach.  While the S corporation is
treated as a partnership, in that the income of the corporation
is taxed to the shareholders, nevertheless the S corporation
itself is subject to an entity level tax.  The entity level tax,
however, is not the entire tax applicable to C corporations but
is rather a tax at a differential rate, such differential being
the difference between the highest corporate and individual rates
under the State income taxes.  The maximum differential rate is
currently 2.475 percent but may be less for small corporations.
Regardless of income, however, both C and S corporations are
subject to a fixed dollar minimum tax of at least $325.

2772

The advent of LLCs as creatures of State law is expected over time largely to change the mix of entity types conducting business in this State. Driven by the Federal tax advantage of partnership type taxation, LLCs will be an attractive alternative to corporations. The advent of LLCs in New York, then, is expected to significantly alter the landscape of the State business taxes, with a migration from the corporate to the partnership model.

### Statement in Support:

Since the passage of LLC legislation by Wyoming in 1977, approximately 35 other states have enacted statutes permitting the organization off LLCs, or recognize out-of-state LLCs (Georgia and Indiana) and many, if not all of the other states have introduced bills permitting the formation of LLCs.

A properly structured LLC, although classified as a partnership for federal income tax purposes (i.e., taxed at the member level but not at the entity level), would afford its members the advantages of limited liability under state law with respect to the activities of the company. This new entity is more flexible than either a limited partnership or an S corporation, alternative forms of business organization which combine limited liability with a single level of federal income tax, for a number of reasons. For example, while a limited partnership must have at least one general partner liable for the partnership's debts and generally may not have limited partners participating in management, each of the members of an LLC is protected from liability for the debts of the LLC and is permitted to participate in management. Similarly, LLCs avoid the numerous restrictions imposed on the S corporations by the Internal Revenue Code of 1986,[1] as amended.

The bill will attract businesses to New York State -- particularly real estate business, high technology business, venture capital firms, corporate joint ventures and small local businesses typically operated as sole proprietorships. The bill provides an attractive alternative to partnerships, corporations and trusts, and should be particularly desirable for foreign investors and entrepreneurs. Adoption of LLC legislation in New York will be a significant step in promoting New York as a competitive location for conducting and establishing business enterprises.

Sections 1 through 18 of the bill provide for the creation and authorization of limited liability companies in this State, and for the registration of limited liability partnerships. Sections 19 through 71 of the bill are designed to accompany these provisions and amend the Tax Law to create an economic environment in which LLCs can flourish and are protective of revenue by reason of the annual fee from limited liability companies which are classified as partnerships under the Internal Revenue Code and by reason of the corporate franchise tax from such companies which are classified as corporations under the Code, and by reason of the annual fee from RLLPs.

At this time, New York would join four other states (Delaware, Louisiana, North Carolina and Texas) and the District of Columbia, in permitting partnerships to register as LLPs. In addition, Minnesota and New Jersey have passed legislation that

## THE LEGISLATURE
### Ch. 576

recognizes an LLP registered in another state.  Enactment of this bill will put New York at the forefront as one of the few states in the country that permits both these entities to do business within a state.

### Budget Implications:

This bill will have no effect on the 1994-95 State budget. Among the many effects of the creation and use of LLCs, however, will be a decreased reliance on the corporate form of business organization in New York.  Inasmuch as both C and S corporations are liable for entity-level taxes, essentially on their net income, while LLCs are not, State revenues from this source will fall over time.  Under current Federal and State tax statutes, the Department of Taxation and Finance has estimated that this loss will approximate $40 million annually by the fifth year following the adoption of the LLC authorizing statute, but this loss will be offset somewhat by increased business activity in New York State.

[1] For Internal Revenue Code provisions, see 26 USCA.

---

## REAL PROPERTY TAXES—ASSESSMENT—EXEMPTION OF CERTAIN CAPITAL IMPROVEMENTS—CANCELLATION OF VOID TAXES

### Text of Law, see Ch. 590

### Memorandum of State Board of Equalization and Assessment

### Purpose:

To amend the Real Property Tax Law (RPTL), the Agriculture and Markets Law, the County Law, the Town Law and the Village Law to improve real property tax administration and correct several statutory errors.

### Summary of Provisions:

The provisions of this bill may be separated into five subject areas: village assessing status, assessment administration, the residential capital improvement exemption, the agricultural districts exemption and technical amendments.

### Village Assessing Status (§§1, 12, 13, 19)

Bill section one would amend section 102(1)(c) of the RPTL to simplify the definition of "assessing unit" as to villages.  The definition would refer to section 1402 of the RPTL.

Bill clarify the three curre headings de

Bill 1402.  Sub incorporate unit villag laws to bec village we different assessing u

New as assessment coterminous prescribed the provisi

Bill se which presc villages.  would be de perform acts those pertai (§2-234(1)(b

Since a that are cote is subject assessing un therefore, a functions a preparation, villages hav status and l county asse: approximatel villages (th

The num dissolved and a new village cases, by the the option n taking such village fisca be filed with taxable statu selection of assessment ro

By desi inadvertence duties attend officials wis readily accom

The othe: and list in o:

## CHAPTER LAW MEMORANDA

---

### Memorandum of the Assembly Rules Committee

**Health Facilities Financing**

**Chapter 575**

A.8627-B Rules
S.6092-A Tully

*Amends §§3, 5, 8 & 9, NYS Medical Care Facilities Finance Agency Act.* The purpose of the bill is to authorize the New York State Medical Care Facilities Finance Agency ("MCFFA"), acting separately or in conjunction with the Facilities Development Corporation ("FDC") to finance health facilities with a municipality. To allow for greater flexibility in structuring the ownership and operation of facilities to be financed under MCFFA's Health Facilities Improvements Program by clarifying that health facilities financed through a lease with municipality need not be owned and/or operated by such municipality. To allow financing of facilities which have already been constructed.

The proposed legislation would provide municipalities with greater flexibility in structuring the ownership and operation of health facilities which qualify for financing under MCFFA's Health Facilities Improvement Program and MCFFA with greater flexibility in financing the desperately needed construction, reconstruction, rehabilitation and improvement of health facilities. The proposed legislation will also enable municipalities to acquire and refinance health facilities already constructed.

---

### Governor's Program Bill Memorandum #234[253]

**Limited Liability Companies Act**

**Chapter 576**

S.7511-A Daly
A.111317-A Rules (Vann et al)

*Adds Chapter 34, Consolidated Law; amends Partnership Law, generally; amends §§1513 & 1529, Business Corporation Law; amends §23.03, Arts & Cultural Law; amends Tax Law, generally; amends §§11-1701, 11-1785 & 11-1901, adds §11-125, NYC Administrative Code; amends §25-m, General City Law; amends §§92-83 & 92-98, Yonkers Code & Order; amends §3611, Public Health Law.* The purpose of the bill is to provide for the formation of limited liability companies ("LLCs") under New York law; the recognition of foreign LLCs seeking to do business in New York; the registration of general partnerships that provide professional services as registered limited liability partnerships ("RLLPs") under State law; and the recognition of the limited liability status of

---

[253] A similar bill in 1993 (A.8676) passed the Assembly with debate, but was referred to the Senate Rules Committee (S.8180). For tax purposes, see *NYS Bar Association Tax Section LLC Tax Force, Tax Report #748, Outline of Issues & Alternatives*, 1/26/92. See also the Senate Standing Committee on Corporations, Authorities and Commissions Public Hearing, 12/4/92. This legislation had many prior bill introductions, drafts, memoranda, hearings and debates too numerous to mention. Request from New York Legislative Service, Inc., the *Limited Liability Company - Outline of Materials* for extra information, in addition to the Governor's Bill Jacket.

general partnerships that provide professional services that have registered as limited liability partnerships ("LLPs") in other states.

## SUMMARY OF PROVISIONS:

### A. General Overview

The bill is based on existing New York law and practice, borrowing heavily from existing New York Partnership Law, especially the recently enacted New York Revised Limited Liability Partnership Act which became effective July 1, 1991 ("RLPA"), and where applicable, the Business Corporation Law ("BCL").

The bill provides for the treatment of LLCs and RLLPs under the Tax Law and under the personal income taxes of the cities of New York and Yonkers. In this memorandum limited liability companies will be referred to as LLCs, Subchapter K limited liability companies will be referred to as KLLCs and Subchapter C limited liability companies will be referred to as CLLCs. Subchapter K and C limited liability companies are those treated for federal tax purposes as partnerships and corporations, respectively, under subchapters K and C of the Internal Revenue Code. RLLPs are general partnerships composed of professionals which register under Article 8-B of the Partnership Law in order to obtain a level of limited liability protection comparable to that available to professional corporations.

The bill neutralizes a portion of the expected revenue loss from reduced corporate franchise taxes by imposing annual filing fees to be paid upon the filing of partnership returns by KLLCs and RLLPs. (CLLCs would, of course, be subject to the corporate franchise tax, in conformity with federal treatment, and would not be subject to the filing fee).

Throughout the remainder of the Tax Law, the bill makes clarifying amendments designed to set forth explicitly the treatment of LLCs as partnerships for such purposes as responsibility as a sales tax vendor, for withholding tax responsibilities as an employer, and similar issues.

### B. Limited Liability Company Law

Section 1 of the bill sets forth the proposed New York Limited Liability Company Law. The bill provides that an LLC may be formed to carry on any business or purpose except one that is prohibited by another statute. The name of the LLC and certain other information must be set forth in articles of organization (analogous to the partnership certificate of a limited partnership or the certificate of incorporation of a corporation) which are required to be filed with the Secretary of State.

The bill provides that a person may become a member of an LLC (i) upon the effective date of the initial articles of organization, in the case of initial members, (ii) in accordance with the operating agreement or (iii) upon receiving a majority vote of the members entitled to vote thereon if the operating agreement makes no provision for the admission of new members.

The bill allows the articles of organization to vest the management of a limited liability company in one or more managers. If the articles of organization make no such provision, each member of a limited liability company is deemed to be a manager. Managers are required to perform their duties in good faith and with the degree of care that would be exercised by an ordinarily prudent person in a like position. Like a corporation's by-laws, an LLC's operating agreement may set forth a provision eliminating or limiting the personal liability of managers to the LLC or its members for damages for any breach of duty in any capacity subject to certain exceptions similar to those contained in section 402(b) of the BCL.

Members of an LLC vote in proportion of their respective shares of current profits, unless otherwise provided in the LLC's operating agreement. The bill would permit articles of organization to provide for classes or groups of managers having such relative rights and powers as provided in the operating agreement.

The bill sets forth rules permitting an LLC to indemnify members, managers and other persons in a manner analogous to that provided in the RPLA.

Consistent with RPLA, member contributions to an LLC may be in the form of cash, property or services rendered or an obligation to contribute cash or property or to render services. Profits, losses and distributions of an LLC are allocated among the members as provided in the operating agreement. Consistent with the RLPA, if the operating agreement does not provide an allocation, profits, losses and distributions are allocated on the basis of the value of the respective members' contributions.

Many of the dissolution and winding-up provisions of the proposed law are adapted, with minor modifications, directly from the RLPA. Thus, an LLC is dissolved upon (i) the occurrence of the latest date for dissolution set forth in the articles of organizations, (ii) the happening of events specified in the operating agreement, (iii) the written consent of a majority (or such other portion designated in the operating agreement) in interest of the members, or (iv) the entry of a decree of judicial dissolution. In addition, an LLC is dissolved upon the bankruptcy, death, dissolution, expulsion, incapacity or withdrawal of any member (or any such member or members specified in the operating agreement) unless within 180 days after such event the LLC is continued by either: (A) the written consent or vote of a majority in interest of all the remaining members or such other percentage in interest as shall be set forth in the operating agreement or; (B) pursuant to a right to continue stated in the operating agreement.

Distribution following the winding-up of a limited liability company is governed by provisions adapted from the RLPA respecting distribution of assets upon the winding-up a limited partnership.

The bill requires foreign limited liability companies to apply for authority to do business in New York according to the terms and conditions set forth in the proposed law. These provisions are based closely upon provisions of RLPA.

The bill provides that to the extent not expressly prohibited by law, a domestic LLC may merge or consolidate with or into one or more other domestic LLCs or other domestic or foreign business entities. The procedures for mergers and consolidations set forth in the proposed law are adapted from the RLPA.

The bill provides for the formation of LLCs by professionals, including doctors, accountants, engineers, architects, attorneys, pharmacists, veterinarians and optometrists. The articles dealing with professionals are adapted with certain minor modifications from the comparable provisions found in the BCL and incorporate and carry over the standards of liability contained therein.

While the IRS has not, of course, ruled that an LLC formed pursuant to the proposed law would be classified as a partnership for federal income tax purposes, it is anticipated that such an LLC would be so classified if the LLC is structured in a manner consistent with the law's "default" provisions.

The bill makes conforming amendments to the Partnership Law and the Business Corporation law.

The bill authorizes the registration of general partnerships that provide professional services as registered limited liability partnerships ("RLLPs") under New York law and recognizes the limited liability status of general partnerships that provide professional services that have registered as limited liability partnerships ("LLPs") in other states.

While the assets of the partnership will still be available to an injured party, the bill provides that a partner in a partnership which has registered as a RLLP is not personally

399

## CHAPTER LAW MEMORANDA

liable for debts, obligations or liabilities of the partnership other than those arising out of any negligent or wrongful act or misconduct committed by such partner or by a person under the direct supervision and control of such partner while rendering professional services. Such standard of liability is the same as that accorded to shareholders of a professional corporation organized under the BCL. It would also be the same as that accorded to members of a professional LLC under the bill. Such standard of liability is different from the legislation enacted in other states to date in that it not only deals with negligent or wrongful acts or misconduct, but also limits liabilities for contractual and other debts and obligations. Liability for a wrongful distribution to a partner may arise under federal or State fraudulent transfer laws or similar provisions. Accordingly, a court that considers whether a distribution is wrongful and should be returned should take into account the fact that the distribution to a partner might actually constitute compensation (salary or bonus) for services rendered and should not be subject to return.

While other states have permitted general partnerships engaged in businesses other than the conduct of a profession to register as LLPs (and one state (Texas) has permitted limited partnerships to so register), the bill restricts the availability of LLPs to professionals practicing in general partnership form. The definition of "profession" is that used in the New York Business Corporation Law and includes accountants, architect, attorneys, chiropractors, dental hygienists, dentists, optometrists, professional engineers, land surveyors, licensed masseurs and masseuses, pharmacists, physiotherapists, podiatrists, registered nurses, certified psychologists, social workers, certified shorthand reporters, physicians and veterinarians. The bill provides that partners of a RLLP (just like members of a professional service LLC) may include individuals (authorized to practice a profession) or other professional entities such as professional corporations, professional service LLCs or other RLLPs. Like the comparable provisions contained in the BCL, the bill provides that professional services may only be rendered through individuals authorized by law to render such professional services. Accordingly, where there are partners (or members) who are not individuals, the professional services would be rendered on behalf of the RLLP (or professional service LLC) indirectly by individuals through the professional entities in which such individuals are partners, shareholders or members.

The bill provides that a general partnership that renders professional services may register as a RLLP by filing on a onetime basis a registration with the Secretary of State, accompanied by an entity-level filing fee. A RLLP would also be required to file a statement with the Secretary of State biennially (similar to the filing made by a professional corporation).

A foreign general partnership providing professional services that has re-gistered as an LLP in another jurisdiction and wishes to conduct business in New York as an LLP would be required to file a one-time notice with the Secretary of State. The notice must be accompanied by an entity-level filing fee and a copy of the latest registration filed by it in its home state for purposes of registering as an LLP or a certificate issued by its home state substantially to the effect that the general partnership has filed a registration as an LLP, which is effective on the date of the certificate. A foreign general partnership that provides professional services that files a notice in New York would be required to file a statement with the Secretary of State biennially (similar to the filing made by a foreign professional corporation). Foreign LLPs which fail to so file and which conduct business in New York, like foreign limited partnerships and corporations, would be restricted from maintaining an action, suit or proceeding in New York. A foreign limited partnership and a foreign non-professional general partnership (other than certain foreign limited liability partnerships related to a professional limited liability partnership) which is denominated as an LLP in its home state would not be recognized as an LLP in New

York, but wo
spectively.

The name
must contain th
"L.L.P." or "LL

The bill
Law to give full

The IRS ha
ruling, a Texas g
Uniform Partner
of management a
classified as a pa
York LLP would

**C. Partnership a**

Sections 2 th
tion Law and the A
and to make neces

**D. Tax Law Provi**

1. Article 9

Sections 21 th
Article 9 so as to
"corporation" for pu
186-b.1 and 189.1(e)
tion 186-a.2-a of the
state and foreign tr
subject to tax under a

Section 29 of the
receivers and other fid
render the same clea

Section 30 of the
on tax reports, so as to

Section 31 of the
lating to corporations
and Finance, so as to
foreign LLCs.

2. Article 9-A

Section 32 of the
CLLCs are included wi

3. Article 22 and Cl

Section 40 of the
poses of Article 22 of
deemed also to refer to
and "KLLC".

Sections 53 and 66
(Article 30) and section 1
relating to the New York
larly amend section 1322
Codes and Ordinances of
income tax. Sections 55,

York, but would be recognized as a limited partnership and a general partnership, respectively.

The name of a RLLP or foreign LLP conducting business or activities in New York must contain the words "Registered Limited Liability Partnership" or the abbreviation "L.L.P." or "LLP".

The bill also contains a series of conforming changes to the New York Partnership Law to give full effect to the limitation of liability intended by the LLP.

The IRS has issued at least one private letter ruling with respect to an LLP. In that ruling, a Texas general partnership that proposed to register as an LLP under the Texas Uniform Partnership Act was found to lack the corporate characteristics of centralization of management and free transferability of interests and would therefore continue to be classified as a partnership for federal income tax purposes. It is anticipated that a New York LLP would be accorded the same federal income tax treatment.

**C. Partnership and Corporation Law Provisions**

Sections 2 through 18 of the bill amend the Partnership Law, the Business Corporation Law and the Arts and Cultural Affairs Law to provide for the registration of RLLPs and to make necessary conforming changes relating to LLCs and LLPs.

**D. Tax Law Provisions**

1. Article 9

Sections 21 through 25, 27 and 28 of the bill amend various taxing provisions in Article 9 so as to clarify that CLLCs are included within the meaning of the term "corporation" for purposes of Article 9. Sections 183.1(a), 183-a.1, 184.1, 184-a.1, 186.1, 186-b.1 and 189.1(c) of the Tax Law are so amended. Section 26 of the bill amends section 186-a.2-a of the Tax Law to clarify that the treatment therein of revenue from interstate and foreign transmission service is applicable to all taxpayers, including LLCs, subject to tax under section 186-a.

Section 29 of the bill amends section 191 of the Tax Law, relating to the taxation of receivers and other fiduciaries who conduct the business of an Article 9 taxpayer, so as to render the same clearly applicable to the business of a CLLC.

Section 30 of the bill amends section 194 of the Tax Law, relating to certifications on tax reports, so as to render the same clearly applicable to CLLCs.

Section 31 of the bill amends section 204 of the Tax Law, applicable to reports relating to corporations made by the Secretary of State to the Commissioner of Taxation and Finance, so as to require reports as to the formation of LLCs and the authorization of foreign LLCs.

2. Article 9-A

Section 32 of the bill amends section 208.1 of the Tax Law to make clear that CLLCs are included within the meaning of the term "corporation."

3. Article 22 and City Personal Income Taxes

Section 40 of the bill amends section 601(f) of the Tax Law to provide that for purposes of Article 22 of the Tax Law (Personal Income Tax), the term "partnership" is deemed also to refer to KLLCs. In addition, definitions are provided for the terms "LLC" and "KLLC".

Sections 53 and 66 of the bill similarly amend section 1302(b) of the Tax Law (Article 30) and section 11-1701(c) of the Administrative Code of the City of New York, relating to the New York City resident income tax. Sections 54 and 69 of the bill similarly amend section 1322(b) of the Tax Law (Article 30-A) and section 92-83(b) of the Codes and Ordinances of the City of Yonkers, relating to the City of Yonkers resident income tax. Sections 55,70, 65, and 68 of the bill similarly amend section 1340(c)(1) of

401

the Tax Law (Article 30-B) and section 92-98(j) of the Codes and Ordinances of the City of Yonkers (relating to the Yonkers Earnings Tax on Nonresidents), and section 25-m(1) of Article 2-E of the General City Law and section 11-1901(n) of the Administrative Code of the City of New York (relating to the New York City Nonresident Earnings Tax).

Section 41 of the bill amends the section heading of section 658(c) and section 42 of the bill adds new paragraph 658(c)(3) to impose an annual filing fee on KLLCs and RLLPs having income derived from New York sources. Such LLCs and RLLPs are subject under current law to the partnership filing requirement of section 658(c)(1) of the Tax Law, and the fee is required at the same time (generally, April 15) as such filing. The fee is equal to the product of $50 and the number of members of such company or partnership as of the last day of the taxable year, but not less than $325 annually.

The fee requirement of section 42, that the LLC have income from New York sources, contemplates that the entity or RLLP have income within the meaning of section 631 of the Tax Law, which section comprehends items of income, gain, loss or deduction determined for Federal purposes. Since at the Federal level the entity would not be required to file a return absent any such items, it is contemplated that the fee would apply only if a Federal partnership return (Form 1065) is required to be filed and then only if any such items of income, etc. have a New York source. This general rule does not, however, excuse from the fee an LLC which is not required to file a federal partnership return by reason of making the election under IRC Reg. section 1.7612(a)(3) (relating to companies engaged in the production, extraction or use of property, where the income of the company is reported directly by the members).

On the other hand, the fee prerequisite established in section 42 of the bill, that the entity have income, would exclude from the fee those entities without income or expenses, typically entities in start-up or dormant status. Further, the fee prerequisite of income from New York sources would exclude from the fee those entities having contacts with New York other than New York source income. Such contacts include the mere formation of the LLC under New York law (domestic LLCs) and the existence of resident members of the LLC. Finally, the fee prerequisite of New York source income would exclude from the fee those entities engaged solely in activity deemed under present law to be not business activity, such as investment activity which is confined to purchase and sale for the entities' own accounts. (Tax Law section 631(d).)

Section 43 of the bill amends section 685(n) of the Tax Law to include LLCs and managers thereof within the meaning of the term "person." Section 67 of the bill makes the same amendment to section 11-1785(n) of the Administrative Code of the City of New York.

#### 4. Miscellaneous Provisions

Section 19 of the bill amends section 2 of the Tax Law to provide, in new subdivisions 5 and 6, that the term "limited liability company" in the Tax Law means a domestic or foreign LLC as defined in the Limited Liability Company Law, and the terms "partnership" and "partner" in the Tax Law will be deemed to include references to LLCs and members thereof, respectively.

Section 20 of the bill amends section 5.1(b) of the Tax Law, relating to the obtaining and furnishing of taxpayer identification, to include LLCs within the meaning of the term "person."

In various provisions throughout the Tax Law clarifying amendments are made to include in the term "person" a reference to LLCs and, similarly, to provide that references to officers and directors of corporations will apply to individuals with analogous responsibilities in the case of LLCs. Thus, sections 33 through 37 and 39 of the bill so amend the term "person" in sections 282.8 (Article 12-A, Tax on Gasoline and Similar

402

## CHAPTER LAW MEMORANDA

Motor Fuel), 420.1 (Article 18, Taxes on Alcoholic Beverages), 447.9 (Article 18-A, Tax on Beverage Containers), 451.3 (Tax on Boxing and Wrestling Exhibitions), 470.3 (Article 20, Tax on Cigarettes and Tobacco Products), and 501.1 (Article 21, Highway Use Tax) of the Tax Law, respectively. Section 38 of the bill amends section 480.6(a) of the Tax Law (Article 20, Tax on Cigarettes and Tobacco Products) with reference to officers and directors.

Sections 44 and 45 of the bill amend sections 951-a(b) and 1021(d) to include LLCs within the meaning of the term "person," for purposes of the Estate Tax imposed under Article 26 and the Generation-Skipping Transfer Tax under Article 26-B.

Section 46 of the bill amends section 1080(b)(2) of the Tax Law to render Article 27 of the Tax Law (Corporate Tax Procedure and Administration) applicable to CLLCs.

Section 47 of the bill amends section 1085(j) of the Tax Law, contained in Article 27, to include LLCs within the meaning of the term "person." This provision relates to penalties for certain failures to act resulting from fraudulent intent, and to the penalty for aiding or assisting in the giving of fraudulent returns, reports, statements or other documents.

Sections 48 and 49 of the bill amend sections 1101(a) and 1131(1) of the Tax Law, contained in Article 28 of the Tax Law (Sales and Compensating Use Taxes), to render explicitly applicable to LLCs the terms "person," "persons required to collect tax" and "person required to collect any tax imposed by this article."

Section 50 of the bill amends section 1134(a) (4) (B) of the Tax Law (Article 28) to adapt sales tax certificate of authority provisions to LLCs.

Section 51 of the bill amends section 1145(e) of the Tax Law (Article 28) to adapt to LLCs a penalty provision relating to the failure to prepay sales tax on motor fuel and diesel motor fuel pursuant to section 1102 of the Tax Law.

Section 52 of the bill amends section 1201(g)(1) and (2) of the Tax Law (Article 29) to adapt to LLCs provisions relating to the New York City tax on motor vehicle registrations.

Sections 56, 57 and 58 amend section 1401(a) of the Tax Law (Article 31, Real Estate Transfer Tax), section 1424.1 of the Tax Law (Article 31-A, Tax on Real Property Transfers for Transportation Assistance) and section 1440.8 of the Tax Law (Article 31-B, Tax on Gains Derived from Certain Real Property Transfers), respectively, to include LLCs within the meaning of the term "person."

Section 59 of the bill amends section 1447-a.2 of the Tax Law (Article 31-B) to adapt certain requirements under the gains tax to LLCs.

Section 60 of the bill amends section 1550(a) of the Tax Law (Article 33-A, Tax on Independently Procured Insurance) to include LLCs within the meaning of the term "person." Section 61 of the bill amends section 1554(b) of the Tax Law to adapt the return requirements under such article to LLCs.

Section 62 of the bill amends section 1605(b) of the Tax Law (Article 34, New York State Lottery for Education) to include LLCs within the meaning of the term "person."

Section 63 of the bill amends section 1800(a) and (b) of the Tax Law (Article 37, Crimes and Other Offenses, Seizures and Forfeitures), to include LLCs within the meaning of the term "person."

Section 64 of the bill amends section 3002(b) of the Tax Law, relating to the Taxpayers' Bill of Rights, to include LLCs within the definition of the term "taxpayer."

Section 71 of the bill is an unconsolidated law provision designed to explain that a number of amendments which integrate the term "limited liability company" into the definitions of the terms "person," "partnership" and "association" are merely clarifying and are not to be construed to change the interpretation that LLCs were in fact included within the meaning of such terms prior to enactment of this bill.

403

Section 72 of the bill contains the effective date provisions. The bill is generally effective on the ninetieth day after enactment. Section 42 of the bill, which imposes an annual fee on KLLCs, applies to taxable years beginning on or after such ninetieth day. Section 63 of the bill, which relates to the criminal provisions of the Tax Law, takes effect September 1, 1994.

Existing Law:

Limited liability companies represent a new form of business enterprise. First appearing in Wyoming in 1977, legislation providing for the creation of such entities has since then either been enacted or is pending in a large number of states. The bill would enact a new Chapter 34 of the Consolidated Laws of New York, entitled the New York Limited Liability Company Law. An LLC created under such law would be organized very much like a partnership, and would typically be treated as a partnership for Federal tax purposes. That is, the entity would itself pay no Federal income tax, while each member would report on a separate return his, her or its distributive share of income, gain, loss, deduction and credit of the LLC. (If an LLC were to fail to meet the Federal tests for partnership status, the entity would be treated for Federal purposes as a C corporation (CLLC), as opposed to enjoying the more typical partnership treatment (KLLC).) Unlike partnerships, however, the LLC offers one major non-tax benefit which will make it a very desirable form of business organization. This is the protection of members from liability for the debts and other obligations of the LLC.

By way of contrast, the Federal tax treatment of corporations is such that the corporate entity itself is subject to tax on its income and the shareholders of the corporation are likewise subject to tax on the same income when it is paid over in the form of dividends. Yet a third model of federal taxation applies to S corporations, which are small (35 or fewer individual shareholders) state-law corporations treated generally as partnerships for Federal purposes, i.e., the S corporation itself is not subject to tax but the income is taxed to the shareholders.

The State tax treatment of partnerships and C corporations (corporations other than S corporations) is the same as the Federal treatment. The State taxation of S corporations, on the other hand, is a hybrid approach. While the S corporation is treated as a partnership, in that the income of the corporation is taxed to the shareholders, nevertheless the S corporation itself is subject to an entity level tax. The entity level tax, however, is not the entire tax applicable to C corporations but is rather a tax at a differential rate, such differential being the difference between the highest corporate and individual rates under the State income taxes. The maximum differential rate is currently 2.475 percent but may be less for small corporations. Regardless of income, however, both C and S corporations are subject to a fixed dollar minimum tax of at least $325.

The advent of LLCs as creatures of State law is expected over time largely to change the mix of entity types conducting business in this State. Driven by the Federal tax advantage of partnership type taxation, LLCs will be an attractive alternative to corporations. The advent of LLCs in New York, then, is expected to significantly alter the landscape of the State business taxes, with a migration from the corporate to the partnership model.

**Statement in Support:**

Since the passage of LLC legislation by Wyoming in 1977, approximately 35 other states have enacted statutes permitting the organization off LLCs, or recognize out-of-state LLCs (Georgia and Indiana) and many, if not all of the other states have introduced bills permitting the formation of LLCs.

A properly structured LLC, although classified as a partnership for federal income tax purposes (i.e., taxed at the member level but not at the entity level), would afford its

members the advi...
of the company. Th...
corporation, alterna...
with a single level of ...
limited partnership m...
debts and generally may...
the members of an LLC...
ted to participate in man...
posed on the S corporation...

The bill will attract b...
high technology business, w...
businesses typically operat...
ternative to partnerships, corp...
foreign investors and entrepr...
significant step in promoting...
establishing business enterpri...

Sections 1 through 18 of...
ited liability companies in thi...
ships. Sections 19 through 71...
amend the Tax Law to create...
are protective of revenue by...
which are classified as partne...
the corporate franchise tax f...
under the Code, and by reaso...

At this time, New York...
Carolina and Texas) and the...
as LLPs. In addition, Minnes...
an LLP registered in another...
front as one of the few states...
within a state.

**Budget Implications:**

This bill will have no ef...
of the creation and use of LL...
form of business organization...
liable for entity-level taxes, ...
revenues from this source wi...
utes, the Department of Tax...
mate $40 million annually by...
ing statute, but this loss will...
York State.

Gover

Limited Liability Compani...

Chapter 576

S.7511-A Daly
A.111317-A Rules (Vann et...

404

members the advantages of limited liability under state law with respect to the activities of the company. This new entity is more flexible than either a limited partnership or an S corporation, alternative forms of business organization which combine limited liability with a single level of federal income tax, for a number of reasons. For example, while a limited partnership must have at least one general partner liable for the partnership's debts and generally may not have limited partners participating in management, each of the members of an LLC is protected from liability for the debts of the LLC and is permitted to participate in management. Similarly, LLCs avoid the numerous restrictions imposed on the S corporations by the Internal Revenue Code of 1986, as amended.

The bill will attract businesses to New York State –particularly real estate business, high technology business, venture capital firms, corporate joint ventures and small local businesses typically operated as sole proprietorships. The bill provides an attractive alternative to partnerships, corporations and trusts, and should be particularly desirable for foreign investors and entrepreneurs. Adoption of LLC legislation in New York will be a significant step in promoting New York as a competitive location for conducting and establishing business enterprises.

Sections 1 through 18 of the bill provide for the creation and authorization of limited liability companies in this State, and for the registration of limited liability partnerships. Sections 19 through 71 of the bill are designed to accompany these provisions and amend the Tax Law to create an economic environment in which LLCs can flourish and are protective of revenue by reason of the annual fee from limited liability companies which are classified as partnerships under the Internal Revenue Code and by reason of the corporate franchise tax from such companies which are classified as corporations under the Code, and by reason of the annual fee from RLLPs.

At this time, New York would join four other states (Delaware, Louisiana, North Carolina and Texas) and the District of Columbia, in permitting partnerships to register as LLPs. In addition, Minnesota and New Jersey have passed legislation that recognizes an LLP registered in another state. Enactment of this bill will put New York at the forefront as one of the few states in the country that permits both these entities to do business within a state.

**Budget Implications:**

This bill will have no effect on the 1994-95 State budget. Among the many effects of the creation and use of LLCs, however, will be a decreased reliance on the corporate form of business organization in New York. Inasmuch as both C and S corporations are liable for entity-level taxes, essentially on their net income, while LLCs are not, State revenues from this source will fall over time. Under current Federal and State tax statutes, the Department of Taxation and Finance has estimated that this loss will approximate $40 million annually by the fifth year following the adoption of the LLC authorizing statute, but this loss will be offset somewhat by increased business activity in New York State.

---

### Governor's Approval Memorandum #35

**Limited Liability Companies Act**

**Chapter 576**

S.7511-A  Daly

A.111317-A  Rules (Vann et al)

405

## CHAPTER LAW MEMORANDA

*Adds Chapter 34, Consolidated Law; amends Partnership Law, generally; amends §§1513 & 1529, Business Corporation Law; amends §23.03, Arts & Cultural Law; amends Tax Law, generally; amends §§11-1701, 11-1785 & 11-1901, adds §11-125, NYC Administrative Code; amends §25-m, General City Law; amends §§92-83 & 92-98, Yonkers Code & Order; amends §3611, Public Health Law.* The bill, part of my 1994 Legislative Program, is part of our continuing effort to be aggressively hospitable to business. It provides for the formation of limited liability companies (LLCs) under New York law, the recognition of foreign LLCs seeking to do business in New York, the registration of general partnerships that provide professional services as registered limited liability partnerships, and the recognition of the limited liability status of general partnerships that provide professional services that have registered as limited liability partnerships (LLPs) in other states.

The bill will help to attract businesses to New York State, particularly real estate and high technology businesses, venture capital firms, cooperative joint ventures and small businesses typically operated as sole proprietorships. The bill provides an attractive alternative to partnerships, corporations and trusts, and this form of business organization will be particularly desirable for foreign investors and entrepreneurs. Adoption of LLC legislation in New York is a significant step in promoting New York as a competitive location for conducting and establishing business enterprises.

New York's LLC and LLP statutes will serve as a model for other states, as they reflect the most current thinking on the subject and provide an LLC's or a professional LLP's organizers with a package of features and options not yet available in other states' statutes.

The bill is part of my 1994 Economic Development Program to improve the business climate in New York, and along with the Comprehensive Tax and Fee Cutting Package, Omnibus Consumer Protection and Banking Deregulation Act of 1994, Regulatory Reform Efforts, the Global New York Program, the Small Business Program Agenda, and the multi billion dollar investment in the New, New York Programs, will provide the resources and tools to enable businesses to create more jobs, right now!

---

### Memorandum of the Assembly Rules Committee

**Lifeguards: Waivers**

**Chapter 577**

A.8886-A Rules (Tonko)
S.7869-A Defrancisco

*Amends §225, Public Health Law.* The purpose of the bill is to ensure that waivers from lifeguard requirements that are given to campgrounds, hotels and motels apply to the bathing facility itself and not its owner.

In attempt to tighten lifeguard requirements on swimming pools and bath-ing beaches, the Public Health Counsel, in conjunction with the Department of Health (DOH), instituted regulations that required a lifeguard to be present at many new facilities. This included the need for lifeguards at many temporary residences (hotels, motels and campgrounds). After realizing the economic strain caused by these regulations, DOH gave waivers, in lieu of signage, to the owners of some temporary residences.

Extending the waivers to the owner of the facility, has made it difficult for owners to sell their business. Furthermore, this practice has caused the potential for unbalanced

**Motor Carrier**

**Chapter 578**

A.8916-A Rules
S.8696 Stafford

*Amends §2, C* position of the M from other sec-tors

The bill will ch to allow for addition Having all sectors of th resentation and exchan council with more time quately prepared and com

**Cohoes City Tax Collection**

**Chapter 579**

A.9030-A Canestrari
S.6341-A Nolan

*Amends §230, repeals §§* This legislation authorizes the Cohoes thus putting Cohoes county; repealer.

All municipalities in Al Albany County Comptroller lists of delinquent taxes for Cohoes to remit to the Count of the other municipalities i will result in a uniform tax co

---

254 NYS Legislative Annual 1993
255 Governor Cuomo never appo
ated.